IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CARMELA LYNN JACKSON-LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH JERMAINE JACKSON-LEWIS, DUANE EARL JACKSON,<br><br>Defendants. | Case No. 26-cv-00574-DKW-KJM<br><br>**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On November 4, 2026, Plaintiff Carmela Lynn Jackson-Lewis (Plaintiff), proceeding without counsel, filed a Complaint against two of her self-described "family members", Defendants Joseph Jermaine Jackson-Lewis and Duane Earl Jackson (together, Defendants). Dkt. No. 1. According to Plaintiff, Defendants have "murdered countless [] tribal members and American citizens for drugs/money/gifts and other form[s] of payment[]." *Id.* at 5. Plaintiff, therefore, demands that Defendants be "arrested and given federal time to prevent future innocent deaths." *Id.* at 6 (quotation marks omitted). On the same day, Plaintiff

[1]Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

also applied to proceed with this action *in forma pauperis*, *i.e.*, without prepayment of fees and costs (IFP Application). Dkt. No. 3.

As a result, pursuant to 28 U.S.C. Section 1915, the Court now assesses whether Plaintiff is entitled to do so. Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), an applicant must nonetheless show an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Based upon the information provided in the IFP Application, Plaintiff has failed to show an inability to pay the $405 filing fee for this civil action. In the IFP Application, Plaintiff represents that she receives $1,763 every month in social security disability payments and that she has between $1,763 and $2,061 in a checking or savings account. Dkt. No. 3 at 1-2. Plaintiff further represents that she has no other assets or items of value, no monthly expenses, no dependents, and no financial debts. *Id.* at 2. In this light, with $1,763 in unencumbered income

per month, Plaintiff has not demonstrated an inability to pay the one-time $405 filing fee. As a result, the IFP Application, Dkt. No. 3, is DENIED.

Plaintiff may have until **November 27, 2026** to pay the $405 filing fee for this action. **The Court cautions Plaintiff that failure to pay the filing fee by November 27, 2026 will result in the automatic dismissal of this action without prejudice and without further notice.**

IT IS SO ORDERED.

Dated: November 13, 2026 at Honolulu, Hawai‘i.

Derrick K. Watson
Chief United States District Judge